NASSAU COUNTY TRUST COMPANY, as Administrator, etc., of SHAHEENIE SALEEBY, Deceased, Plaintiff, and NASEEMA SALEEBY, Appellant, v. NAZURA D. SALEEBY, Respondent, and Others, Defendants, Consolidated with NAZERA SALEEBY, Plaintiff-Respondent, v. NASSAU COUNTY TRUST COMPANY, Defendant.— Order dated May 14, 1936, denying motion of Naseema Saleeby to adjudicate her interest in a sum of money awarded in a judgment of this court entered June 1, 1935, or the corresponding provision in a purported unentered amended judgment dated July 22, 1935, affirmed, with ten dollars costs and disbursements. Order dated May 15, 1936, granting a reargument and denying the motion anew, affirmed, with ten dollars costs and disbursements. The provision in question contemplated a determination of the interest, if any, of Naseema Saleeby in the provision awarding judgment to the Nassau County Trust Company, as administrator, on the occasion of the administrator's accounting in the Surrogate's Court or as a consequence of a separate action brought by Naseema Saleeby against the Nassau County Trust Company. The judgment of this court and the findings upon which it was based disclosed that Naseema had never deposited any of her money in the Dime Savings Bank account and that all of the money therein was the property of the deceased Shaheenie Saleeby. They also revealed that while the account was at one time in the name of Shahoenie and Naseema or the survivor, the money therein that was wholly owned by Shaheenie was taken therefrom on a valid draft signed by Shaheenie and put in an account in the Glen Cove Trust Company under circumstances that eliminated the rights, if any, of Naseema based on the survivorship provision. Hence, when these moneys were found to have been the subject of conversion by Nazura D. Saleeby, the restoration by the latter should be and was directed to be to the estate of Shaheenie subject to the rights, if any, of Naseema, to be determined in the manner above indicated. In the meantime that amount so awarded to the administrator of Shaheenie was properly offset against the larger amount awarded to Nazura against the administrator of Shaheenie, so that the net amount of the judgment entered pursuant to the order of this court on June 1, 1935, was proper. We do not decide whether or not the question of Naseema's right, if any, to this money, in whole or part, as against the Nassau County Trust Company, as administrator, is *res judicata;* that question should await the hearing in the Surrogate's Court, if any is ever had, or the trial of a separate action between the administrator and Naseema. Lazansky, P. J., Young, Carswell, Davis and Adel, JJ., concur.